JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

DEBBIE JANG
State Bar #035157
Asst. Federal Public Defender
Attorney for Defendant
debbie_jang@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Sidney Allen Gottschalk,

Defendant.

No. 22-CR-00458-DJH

**MOTION TO SEVER COUNT 1 FROM COUNTS 2-12**

Defendant Not In Custody

Sidney Allen Gottschalk, through counsel, hereby moves this Court to sever Count 1 from Counts 2 through 12 pursuant to Fed. R. Crim. P. 14.

## I. Introduction

On May 10, 2022, Sidney Allen Gottschalk was charged with one count of dealing firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D) and eleven counts of making a false statement in the purchase of firearms in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), that is, falsely identifying himself as the "actual buyer" of the firearms when in reality, he was buying the firearms on behalf of another person. ECF No. 1. The elements for these counts are as follows:

Elements of Count 1 (Dealing Firearms Without a License):

1. The defendant was willfully engaged in the business of dealing in firearms within the dates specified in the indictment; and

2. The defendant did not then have a license as a firearms dealer.

Elements of Counts 2-12 (False Statement During Purchase of a Firearm):

1. The defendant knowingly made a false statement or representation in connection with the purchase of a firearm;
2. The defendant made the false statement or representation to a licensed dealer, importer, manufacturer, or collector of firearms; and
3. The statement pertained to information that the law requires the licensed dealer, importer, manufacturer, or collector to keep.

The offenses for all twelve counts are alleged to have occurred between October 6, 2021 and February 18, 2022. The indictment also charges that three specified firearms would be forfeitable upon conviction. Mr. Gottschalk has pleaded not guilty to the charges. ECF. No. 8.

## II. Law and Argument

Rule 14(a) allows the district court, at its discretion, to sever and order separate trials of counts if the joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). A joinder of offenses may prejudice a defendant where:

> "(1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find."

*United States v. Johnson*, 820 F.2d 1065, 1070 (1987) (quoting *Drew v. United States*, 331 F2d 85, 88 (D.C. Cir. 1964)).

A joint trial of Count 1 and Counts 2 through 12 poses a high risk of undue prejudice to Mr. Gottschalk and requires a severance. As noted above, the elements of Count 1 and Counts 2 through 12 are entirely different. Accordingly, the defenses to those counts are also different and would cause embarrassment and potential conflict in mounting a defense. Mr. Gottschalk would defend against Count 1 by asserting he is not a dealer of firearms, while defending against Counts 2 through 12 by arguing he bought for himself some quantity of firearms in volumes that the jury would associate with dealers of firearms. Relatedly, without a severance, Mr. Gottschalk would be denied the opportunity to testify in his own defense for certain counts but avoid testifying on others, in violation of his Fifth Amendment rights. *See Rock v. Arkansas*, 483 U.S. 33, 107 (1987). Mr. Gottschalk would testify in defense of Count 2 through 12 that he was purchasing firearms on his own behalf and not for any third party. But the volume of firearms purchased would cause the jury to conclude that Mr. Gottschalk was purchasing firearms in order to deal them. Choosing to testify in defense of just Counts 2 through 12 and remaining silent on Count 1 would risk adverse effects that influence the jury's consideration on all Counts.

Further, evidence of Count 1 would not be admissible in a separate trial of Counts 2 through 12 and vice versa. Evidence of Mr. Gottschalk as a straw purchaser—i.e., someone who purchases firearms on behalf of another person—could include evidence of Mr. Gottschalk's communications with another person coordinating the purchase, evidence of transfer of money to purchase firearms, and evidence of transfer of firearms to the ultimate buyer. None of this would be probative or relevant to a case of dealing firearms without a license, in which a person buys on behalf of himself and later sells to a third party for a profit without a license. Likewise, evidence of a firearms dealer, including evidence of

coordinating sales of firearms already purchased and evidence of time and labor to make profits from these sales, would be unrelated to a case of straw purchasing. These counts are unrelated and have no probative bearing on the other. The only reason such evidence would be introduced is to show "bad character," or that Mr. Gottschalk has a propensity to commit firearm offenses and is therefore likely to have committed the current charged crime. This is prohibited. Fed. R. Evid. 404(b); *United States v. McKoy*, 771 F.2d 1207, 1213 (9th Cir. 1985).

Finally, there is a risk that evidence relating to alleged dealing of firearms will "spill over" onto the charges of false statement and vice versa. Denying a severance may cause confusion to the jury and an inability for the jury to compartmentalize evidence for each separate charge. It may "incite or arouse" a jury into convicting Mr. Gottschalk on the remaining count(s). *See United States v. Jackson*, 918 F.3d 467, 481 (6th Cir. 2019). This is unfair prejudice. *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (Unfair prejudice refers to "the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charge.").

For the foregoing reasons, Mr. Gottschalk respectfully moves this Court to sever Count 1 from Counts 2 through 12 pursuant to Fed. R. Crim. P. 14.

Respectfully submitted: February 3, 2023.

JON M. SANDS
Federal Public Defender

*s/Debbie Jang*
DEBBIE JANG
Assistant Federal Public Defender