GARY M. RESTAINO
United States Attorney
District of Arizona

BRETT A. DAY
Assistant U.S. Attorney
Arizona State Bar No. 027236
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Brett.Day@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Sidney Allen Gottschalk,<br>Defendant. | CR-22-00458-PHX-DJH<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SEVER COUNTS** |

Between October 6, 2021, and February 18, 2022, Defendant purchased fourteen firearms to include eight Barrett .50 caliber rifles, and two AK-47 style rifles. Both the Barrett .50 caliber rifle and AK-47 style rifle are highly sought-after by the Mexican cartels. In particular, the Barrett .50 caliber rifle is highly sought-after because it is easily converted to a fully automatic machinegun, can be mounted on a vehicle, and is powerful enough to shoot down a helicopter. On February 12, 2022, Mexican Authorities recovered a PS AK47, 7.62 caliber rifle, which had been purchased by Defendant just 47 days prior. Defendant spent approximately $80,000 on Barrett .50 caliber rifles in a five-month period. Defendant's last reported wages totaled approximately $1,456.04 in the 2nd quarter of 2019. Defendant received a Covid Paycheck Protection Program (PPP) loan for $18,750 on April 6, 2021.

On March 11, 2022, Agents interviewed Defendant regarding the fourteen firearms he

purchased. Defendant claimed to be building a "showcase" for his firearms and claimed that he received income from government disability. Defendant stated that he purchased a Barrett .50 caliber every two weeks for about $8,000 each. However, Defendant stated that he did not have any of the Barrett rifles in his possession. Defendant admitted to dealing firearms but stated that he did not have any bills of sale and sold the firearms by word of mouth. Defendant had three firearms total in his possession which agents seized.

On May 10, 2022, Defendant was charged via indictment for one count of Dealing Firearms without a License (Count 1) and eleven counts of Making a Material False Statement During a Firearm Purchase (Counts 2 – 12). The date range for Count 1 encompasses the date range for Counts 2 - 12. (*See* Doc. 1.) Defendant requests that the Court sever Count 1 from Counts 2 – 12.

Joinder was proper under Rule 8(a) because the offenses are of the same or similar character or are based on the same acts or transactions. Fed. R. Crim. P. 8(a). The defendant is not entitled to severance because joinder is not "so manifestly prejudicial that it outweigh[s] the dominant concern with judicial economy and compel[s] the exercise of the court's discretion to sever." *United States v. Lopez*, 477 F.3d 1110, 1116 (9th Cir. 2007) (citation omitted). Accordingly, the Court should deny the defendant's request for two separate trials.

## I. The Charges are Appropriately Joined in a Single Indictment.

Joinder of charges against a defendant is proper "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). A court looks only to the indictment to determine if joinder is proper. *See United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007) ("[T]he established rule in this circuit is that a valid basis for joinder should be discernible from the face of the indictment, and we remain faithful to that

principle here.").

Here, joinder of Count 1 with Counts 2 – 12 is proper because they charge crimes "of the same or similar character" and "are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Defendant admitted to dealing in firearms and "sold the firearms by word of mouth." (Count 1). In the acquisition of the firearms, Defendant made a material false statement in that he was the actual transferee/buyer of the firearms. (Counts 2 – 12). As such, these counts involve overlapping evidence, and thus the interests of judicial economy "strongly support[]" joining the charges in a single trial to avoid duplicative proceedings. *Lopez*, 477 F.3d at 1117.

For these reasons, the charges are properly joined in a single indictment.

**II. Severance is Not Necessary Because Joinder is Not Unduly Prejudicial.**

It is the defendant's burden to establish that severance is necessary, and severance is only required where joinder is "so manifestly prejudicial that it outweigh[s] the dominant concern with judicial economy and compel[s] the exercise of the court's discretion to sever." *Lopez*, 477 F.3d at 1116 (citation omitted). "Rule 14 sets a high standard for a showing of prejudice." *United States v. Vasquez-Velasco*, 15 F.3d at 845 (9th Cir. 1994). The defendant "bears the burden of proving such 'clear,' 'manifest,' or 'undue' prejudice from the joint trial, that [it] violates one of his substantive rights, so that the prejudice is of 'such a magnitude that the defendant was denied a fair trial.'" *Id.* (citation omitted).

The existence of some prejudice is not sufficient to require severance; rather, severance is only necessary in those rare cases where a jury cannot "reasonably be expected to compartmentalize the evidence so that evidence of one crime does not taint the jury's

consideration of another crime." *United States v. Johnson*, 820 F.2d 1065, 1071 (9th Cir. 1987) (citation omitted); *see also Vasquez-Velasco*, 15 F.3d at 846 ("In assessing whether joinder was prejudicial, of foremost importance is whether the evidence as it relates to the individual defendants is easily compartmentalized.") (citation omitted).

Prejudice is lessened where, as here, many of the joined charges are wholly separate incidents, and thus permit the jury to separate the charges from each other. *See Vasquez-Velasco*, 15 F.3d at 846 (finding that even where the crimes committed were similar in nature, their joinder was not prejudicial because each charge occurred a week from the other and "[a]s such, they were discrete acts that a jury could compartmentalize reasonably easily").

And that is precisely what we have here, discrete acts that a jury can reasonably compartmentalize easily. At its core, this case involves purchases and sales. Two distinct concepts that any juror would be able to reasonably comprehend and distinguish. Furthermore, as Defendant points out, both crimes have different elements, and the elements of each crime are easily distinguishable.

However, both crimes are part of the same story, or case that the government intends to present. The crimes involve the acquisition and sales of firearms and thus are “of the same or similar character” and “are connected with or constitute parts of a common scheme or plan.” Fed. R. Crim. P. 8(a). To present its case, or tell its story, the government would present largely the same evidence, with each criminal violation representing a distinct act within that story.

The defendant argues he is entitled to severance in part because presentation of the entire story would "cause embarrassment and potential conflict in mounting a defense." (Doc. 20 at 3.) "If a defendant seeks severance because he wishes to testify on some counts and not others, he must show that (1) he has important testimony to give on some counts and (2) a strong need to refrain from testifying on those he wants severed." *United States v. Nolan*, 700 F.2d 479, 483 (9th Cir.1983). Defendant has failed to do that here. Defendant simply states that he would defend against Count 1 by "asserting he is not a dealer of firearms," and defend against Counts 2 – 12 by asserting that "he was purchasing the firearms on his own behalf." Defenses that are equally plausible for either crime, and coextensive of each other. As such, joinder of the crimes does not raise potential embarrassment or create a conflict in mounting a defense.

The defendant's other concern is that evidence of one count may be inadmissible as to the other counts, and vice versa. (Doc. 20 at 3.) However, the government disagrees and argues that evidence as to one count would be probative and relevant to another count, because all are connected with or constitute parts of a common scheme or plan. As such, there is no risk of "spill over" and given the nature of the charges, there is no risk of "embarrassment" or "inciting or arousing" a jury into convicting defendant of all charges. However, if the court is concerned about a danger of prejudice from the joinder of counts, the government argues that any danger of prejudice can be mitigated through jury instructions, and the drastic measure of severance is not necessary.

**III. Judicial Economy will be Served by a Single Trial.**

Not only is the defendant unable to establish manifest prejudice from joinder, but the dominant concern of judicial economy also counsels against severance. As outlined above, there is overlap in the evidence accordingly, "separating any charge from the others [will] necessarily result[] in a duplicative presentation of evidence." *Lopez*, 477 F.3d at 1117. "The burden on judicial resources that [will] result[] from hearing the charges and evidence against [the defendant] in multiple trials outweighs any limited prejudice that [the defendant] may [] experience[]." *Id.*

**IV. Conclusion**

For these reasons, the Court should deny the defendant's Motion to Sever Counts, and the defendant should be tried on all counts in a single trial.

Respectfully submitted this 21st day of February, 2023.

GARY M. RESTAINO
United States Attorney

*s/Brett Day*
BRETT A. DAY
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: Mark J. Andersen

*s/ Brett Day*
U.S Attorney's Office