JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

DEBBIE JANG
State Bar No. 035157
Asst. Federal Public Defender
Attorney for Defendant
debbie_jang@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

United States of America,

Plaintiff,

v.

Sidney Allen Gottschalk,

Defendant.

No. CR-22-00458-PHX-DJH

**MOTION FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM**

Defendant Sidney Allen Gottschalk, by and through undersigned counsel, submits this motion for downward variance and sentencing memorandum. Mr. Gottschalk requests a sentence of three years probation based on 18 U.S.C. § 3553(a) factors. Mr. Gottschalk also requests that the Court not impose a fine.

Mr. Gottschalk is a 36-year old veteran, who served in the U.S. Army for over four years. After being deployed to Afghanistan twice, he was honorably discharged in 2010. As a result of his service, Mr. Gottschalk was diagnosed with PTSD and depression by the Veteran's Administration in 2012. He has two children, and he maintains regular contact with his daughter who resides in Arizona. He is in the midst of divorce proceedings with the mother of his daughter.

For most of his life, Mr. Gottschalk has been a law-abiding citizen. Aside from his two prior misdemeanors nearly ten years ago—both of which resulted in probation sentences—Mr. Gottschalk has not been involved in the criminal legal system. Given that this offense is his first felony offense, Mr. Gottschalk requests a downward variance to a sentence of probation. This would be sufficient but not greater than necessary, as his criminal history score of I indicates the lowest risk of recidivism.[1]

Mr. Gottschalk also requests a downward variance due to his excellent performance while on pretrial release. He has maintained routine contact with his pretrial services officer without incident and has fully complied with all obligations, including attending counseling sessions to address his mental health. Importantly, Mr. Gottschalk has had no run-ins with law enforcement—not even a speeding ticket. This is clear indication that Mr. Gottschalk would be a model citizen and fully compliant while under any term of probation.

Finally, Mr. Gottschalk requests that no fine be imposed. While the presentence report notes a positive cash flow and that "[i]t appears the defendant has the ability to pay a fine", it also reports that Mr. Gottschalk has total credit balances of $67,507. Doc. 41 at ¶ 56. This is no insignificant amount for which he is liable and currently paying off. Further, as noted in the presentence interview, Mr. Gottschalk is in the midst of a divorce, which has not yet been granted. *Id*. at

---

[1] The Sentencing Commission has found that recidivism rates are "closely correlated" with the total number of criminal history points, finding offenders with zero or one criminal history point had the lowest rates of recidivism at 33.8%. United States Sentencing Commission, *The Past Predicts the Future: Criminal History and Recidivism of Federal Offenders* (March 2017), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20170309_Recidivism-CH.pdf.

¶ 41. He was able to stay sporadically at the house that he previously resided at with his soon-to-be ex-wife. However, it is no longer his permanent residence and he has spent a number of weeks at hotels and in other homes as he transitions to a new stage of life living alone. This will require Mr. Gottschalk to spend much of his available money on living expenses, as well as the child support payments that is being negotiated between him and the mother.

Therefore, Mr. Gottschalk respectfully requests that this Court sentence him to probation for three years and not impose a fine.

Respectfully submitted: August 2, 2023.

JON M. SANDS
Federal Public Defender

*s/Debbie Jang*
DEBBIE JANG
Asst. Federal Public Defender